JS-6

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 26 2014

CENTRAL DISTRICT OF CALIFORNIA
BY DV   DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>IVAN RIVERS et al.,<br><br>Defendants. | Case No. SA CV 14-00777 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION; DENYING PLAINTIFF'S EX PARTE APPLICATION AS MOOT |

    The Court sua sponte remands this action to the Superior Court for the County of Orange for lack of subject matter jurisdiction.

    On May 19, 2014, Defendant Aura McClain, having been sued in what appears to be a routine unlawful detainer and lease dispute in Orange County Superior Court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court. Plaintiff Wells Fargo Bank's ex parte application to remand this matter is accordingly denied as moot.

///

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

    (1)    No basis for federal question jurisdiction has been identified:

        A.    The Complaint does not include any claim "arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

   B. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

 (2) Diversity jurisdiction is lacking:

   A. The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. Id.; Abrego Abrego, 443 F.3d at 683.

   B. The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

 Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer/lease dispute action to this Court will be improper and may result in the Court taking punitive remedial measures, which may include ordering Defendant to appear in person before the Court and show cause why he should not be monetarily sanctioned and/or designated as a vexatious litigant.

 Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

 IT IS SO ORDERED.

Dated: 8/25/14

              HONORABLE GEORGE H. KING
              CHIEF UNITED STATES DISTRICT JUDGE